﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/24/19

DOCKET NO. 180910-61
DATE: July 25, 2019

REMANDED

Entitlement to an initial compensable disability rating prior to October 1, 2017, and greater than 30 percent from October 2, 2017, for service-connected chest pain and shortness of breath due to an undiagnosed illness is remanded.

Entitlement to an initial compensable disability rating for fatigue, night sweats, and weight loss due to an undiagnosed illness is remanded.

PRELIMINARY MATTERS

The Veteran served on active duty from June to October 1987, November 1990 to October 1991, and February 2003 to March 2004. She also had many additional years of inactive service with the Army National Guard.

By way of background, in August 2017, the Board granted service connection for two disabilities claimed as due to undiagnosed illnesses incurred in the Southwest Asia Theater of Operations. The disabilities were characterized as (1) chest pain and shortness of breath; and (2) fatigue, night sweats, and weight loss. In an August 2017 Rating Decision, the Agency of Original Jurisdiction (AOJ) effectuated those grants and assigned initial, noncompensable ratings for both disabilities effective February 27, 2008. The AOJ notified her accordingly in September 2017, and in December 2017, she timely filed a Notice of Disagreement (NOD) challenging the initial noncompensable ratings assigned for both disabilities addressed in the August 2017 Rating Decision.

In August 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act of 2017 (Appeals Modernization Act or AMA), Pub. Law 115-55, which created a new claims and appeals process for pursuing VA benefits. In February and March 2018 correspondence, the AOJ invited the Veteran to opt-in to the Rapid Appeals Modernization Program (RAMP), a temporary program that allowed early participation in the new appeals process before the AMA became effective in February 2019. In April 2018, the Veteran opted into RAMP and selected the “Higher-Level Review” (HLR) lane. She acknowledged that the HLR would entail a review of her claims based on the evidence submitted to VA as of the date of the April 2018 RAMP election form, and that VA would not seek additional evidence on her behalf. She also acknowledged that by opting into RAMP, she was withdrawing all eligible, pending appeals in their entirety, which included the September 2017 “legacy” appeal system (i.e., pre-RAMP / AMA) NOD. Although she requested an informal conference in her RAMP election form, the AOJ adequately documented unsuccessful attempts to contact her representative for a conference. See May 2018 report of general information.

On June 27, 2018, the AOJ issued a RAMP HLR Rating Decision on appeal. The AOJ increased the initial rating for chest pain and shortness of breath to 30 percent effective October 2, 2017 (based on the date of VA pulmonary function tests), and continued the initial, noncompensable rating for fatigue, night sweats, and weight loss. The AOJ notified the Veteran of that decision on June 28, 2018, and in September 2018, she timely filed a RAMP selection form seeking additional appellate review regarding both issues adjudicated in the June 2018 Rating Decision. Specifically, she requested appellate review by the Board through the “Direct Review” lane. She acknowledged that Direct Review would entail the Board reviewing the evidence of record at the time of the prior decision, with no evidence submission or hearing requests. 

 

In the September 2018 RAMP selection form, the Veteran framed some contentions as “earlier effective date” issues; however, she essentially seeks entitlement to compensable and/or higher disability ratings for both service-connected disabilities at issues in this appeal throughout the relevant appeal period. The Board has phrased the appellate issues accordingly in the order above.

In July 2018—i.e., after the June 2018 RAMP HLR Rating Decision on appeal, but before the Veteran’s September 2018 RAMP election requesting Direct Review by the Board—the Veteran filed a Fully Developed Claim form seeking an “earlier effective date” for the increased rating for chest pain and shortness of breath assigned in the June 2018 Rating Decision, as well as an increased rating for “chronic fatigue.” The AOJ processed the increased rating claim for fatigue, night sweats, and weight loss under the “legacy” appeal system while also processing the separate RAMP appeal stream regarding this same issue (summarized above). See August 2018 Rating Decision; see also September 2018 NOD regarding August 2018 Rating Decision. To clarify, however, the August 2018 legacy appeal system Rating Decision is not currently on appeal. Rather, as explained above, the June 2018 RAMP HLR Rating Decision is presently on appeal. 

REASONS FOR REMAND

Under the AMA, the Board must remand appeals to the AOJ to correct pre-decisional duty to assist errors. See VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.802(a)). Here, the Board’s review of the record reveals duty to assist errors that were evident prior to the June 2018 RAMP HLR Rating Decision on appeal. Specifically, multiple VA and private treatment records obtained before that Rating Decision reference pertinent, outstanding VA and private medical records. Multiple VA treatment records note relevant reports that have been scanned into the Veteran’s electronic VA medical records, but the referenced reports themselves are not of record. In summary, a remand is necessary for the AOJ to remedy these pre-decisional duty to assist errors.

 

The matters are REMANDED for the following action:

1. Obtain the following outstanding VA treatment records from the Central Arkansas VA Healthcare System (and all associated outpatient clinics): 

- Scanned document attached to January 19, 2010 VA cardiology diagnostic study report and located in Vista Imaging (see VAMC file received 04/11/2011);

- Scanned document attached to December 21, 2009 VA radiology note and located in Vista Imaging (see VAMC file received 04/11/2011; medical clinic notes from same date noted treatment for complaints of chest pain and palpitations);

- March 24, 2010 VA EKG report located in Vista Imaging (see 03/29/2010 cardiology procedure note in VAMC file received 05/18/2011);

- September 22, 2010 VA EKG report located in Vista Imaging (see 10/28/2010 VA cardiology procedure note in VAMC file received 05/18/2011);

- March 23, 2011 VA EKG results located in Vista Imaging (see 03/31/2011 VA cardiology procedure note in VAMC file received 05/18/2011);

- Scanned document attached to September 28, 2012 VA exercise stress test report located in Vista Imaging (see CAPRI file uploaded 01/07/2015);

- May 12, 2016 VA spirometry results located in Vista Imaging (see May 2016 VA pulmonary diagnostic study note in CAPRI file uploaded 09/26/2016);

- Scanned document attached to April 12, 2016 VA radiology note located in Vista Imaging (Note: April 2016 VA clinic notes suggest this is a chest x-ray report – see CAPRI file uploaded 09/26/2016).

2. After obtaining the necessary releases from the Veteran, request all outstanding medical records from the following identified private / non-VA providers: (a) unspecified, non-VA provider referenced in multiple VA outpatient treatment records who prescribed Mirtazapine for weight issues (see, e.g., July 2016 VA primary care mental health note in CAPRI file uploaded 09/26/2016); (b) Baptist Hospital; and (c) Baptist Health Family Clinic (Note: Some private treatment records from this provider were previously obtained, but they appear to be incomplete.) 

 

MICHELLE KANE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. Janofsky, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.